UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RANDY ANDREW ANDERSON,

               Petitioner,

vs.                                Case No. 3:16-cv-1242-J-39PDB

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

               Respondents.

_____

**ORDER**

**I.  INTRODUCTION**

     To initiate this case, Petitioner Randy Andrew Anderson filed a Petition for Writ of Habeas Corpus (Petition) (Doc. 1), an Appendix (Doc. 3), and a Memorandum of Law (Doc. 4).  Respondents filed a Response to Petition for Writ of Habeas Corpus (Response) (Doc. 14), and Petitioner filed a Traverse to Response to Order to Show Cause (Doc. 17).  See Order (Doc. 6).

     Petitioner moved to expand the record to include a video, and the Court granted the motion and directed Respondents to provide the Court with the video with audio.  Order (Doc. 22).  Respondents complied.  See Exhibit P (State's Exhibit 1A (DVD)) (Doc. 23). Petitioner also moved to amend his Petition, requesting to add ground ten (Doc. 27), and the Court granted the motion.  Order (Doc. 30).  The Court directed Respondents to respond to ground

ten, _id_., and they filed a Supplemental Response to Petition for Writ of Habeas Corpus (Doc. 49), addressing ground ten.[1] Petitioner filed a Reply to Respondents Response (Doc. 50). Thereafter, Petitioner filed a Notice of Supplemental Authority (Doc. 51) concerning ground three of the Petition.

## II.  CLAIMS

Petitioner raises ten grounds: (1) the ineffective assistance of counsel for failure to properly advise Petitioner of the consequences if he chose to testify in his own behalf; (2) the ineffective assistance of counsel for failure to present a prescription defense; (3) the ineffective assistance of counsel for failure to object to possession as a lesser-included offense; (4) the ineffective assistance of counsel for failure to object to jury instructions that included the offenses of purchase and possession, conduct that was not illegal due to Petitioner's valid prescription, and in light of the jury's return of a general verdict; (5) a _Giglio_[2] violation based on the state's use of false or misleading testimony; (6) the ineffective assistance of counsel

---

[1] The Court hereinafter refers to the Exhibits (Docs. 14 & 49) as "Ex."  The Court notes Respondents submitted an Exhibit P (video) and an Exhibit P (Amended Petition for Writ of Habeas Corpus).  The Court will refer to the first Exhibit P as video and the second as Ex. P.  Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the exhibit.  Otherwise, the page number on the particular document will be referenced.

[2] _Giglio v. United States_, 92 S.Ct. 763 (1972).

for failure to object to or challenge the aggregate weight of the pills; (7) the ineffective assistance of counsel for failure to request a jury instruction on a necessarily lesser included offense: sale; (8) the ineffective assistance of counsel for not requesting an instruction on the prescription defense; (9) the ineffective assistance of counsel based on the cumulative errors of counsel; and (10) a due process violation, contending the prosecutor amended the information charging Petitioner with a more serious charge for exercising his right to a jury trial.

### III.  TIMELINESS, EXHAUSTION, EVIDENTIARY HEARING

The Petition is timely filed.  <u>See</u> Response at 5-6.  The record shows Petitioner adequately exhausted his state court remedies.

This Court is not required to hold an evidentiary hearing if the record refutes the asserted factual allegations or otherwise precludes habeas relief.  <u>Schriro v. Landrigan</u>, 550 U.S. 465, 474 (2007).  It is a petitioner's burden to establish the need for a federal evidentiary hearing, and here, Petitioner has not met this burden.  <u>Chavez v. Sec'y, Fla. Dep't of Corr.</u>, 647 F.3d 1057, 1060 (11th Cir. 2011), <u>cert</u>. <u>denied</u>, 565 U.S. 1120 (2012).  The pertinent facts are fully developed in this record or the record otherwise precludes habeas relief; therefore, the Court is able to "adequately assess [Petitioner's] claim[s] without further factual

development," <u>Turner v. Crosby</u>, 339 F.3d 1247, 1275 (11th Cir. 2003), <u>cert</u>. <u>denied</u>, 541 U.S. 1034 (2004).

## IV.   STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs a state prisoner's federal petition for habeas corpus.  <u>See</u> 28 U.S.C. § 2254. "Under AEDPA, error is not enough; even clear error is not enough." <u>Meders v. Warden, Ga. Diagnostic Prison</u>, Nos. 14-14178; 15-14734, 2019 WL 101161, at *10 (11th Cir. Jan. 4, 2019) (citing <u>Virginia v. LeBlanc</u>, 137 S.Ct. 1726, 1728 (2017) (per curiam)).  It is clear, federal courts may grant habeas relief:

> only when the adjudication of a federal constitutional claim "on the merits in State court proceedings" either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "This narrow evaluation is highly deferential, for a state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." <u>Morrow v. Warden</u>, 886 F.3d 1138, 1146–47 (11th Cir. 2018) (alteration adopted) (internal quotation marks omitted) (quoting <u>Harrington v. Richter</u>, 562 U.S. 86, 101, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011)). The decision of a state court is "contrary to" federal law only if it "contradicts the United States Supreme Court on a settled question of law or holds differently than did that Court on a set of materially indistinguishable facts." <u>Cummings v. Sec'y for Dep't of Corr.</u>, 588 F.3d 1331, 1355 (11th Cir. 2009) (citation and internal

quotation marks omitted). The decision of a
state court "involves an unreasonable
application of federal law if it identifies
the correct governing legal principle as
articulated by the United States Supreme
Court, but unreasonably applies that principle
to the facts of the petitioner's case,
unreasonably extends the principle to a new
context where it should not apply, or
unreasonably refuses to extend it to a new
context where it should apply." <u>Id</u>. (citation
and internal quotation marks omitted). "The
question ... is not whether a federal court
believes the state court's determination was
correct but whether that determination was
unreasonable—a substantially higher
threshold." <u>Id</u>. (citation and internal
quotation marks omitted).

<u>Wilson v. Warden, Ga. Diagnostic Prison</u>, 898 F.3d 1314, 1321 (11th

Cir. 2018).

A district court is charged with reviewing the conclusions of

the state court, deferring to the state court decisions, and

granting habeas relief only if the adjudication of the claim

resulted in a decision that was contrary to, or involved an

unreasonable application of Supreme Court precedent. "Clear error

will not suffice." <u>Virginia v. LeBlanc</u>, 137 S.Ct. at 1728. This

formidable barrier to habeas relief is very difficult to overcome

as highly deferential AEDPA deference is due, unless the petitioner

shows the state court's ruling was so lacking in justification that

there was error well understood and comprehended in existing law

beyond any possibility for fairminded disagreement. Therefore, if

some fairminded jurists could agree with the lower court's

decision, habeas relief must be denied. <u>Meders</u>, 2019 WL 101161, at *10.

Of note, AEDPA deference is not based on the "specificity or thoroughness" of the decision; indeed, the "no-grading-papers, anti-flyspecking rule remains the law of the circuit." <u>Meders</u>, 2019 WL 101161, at *12. Thus, in its review, a district court is not obliged to "flyspeck the state court order or grade it." <u>Wilson v. Warden, Ga. Diagnostic Prison</u>, 898 F.3d at 1345. Also of note, AEDPA deference is given even if no rationale or reasoning is provided. <u>Meders</u>, 2019 WL 101161, at *12 (citing <u>Harrington v. Richter</u>, 562 U.S. 86, 100 (2011)).

In its review, the district court should afford a presumption of correctness to state trial and appellate courts' factual determinations. <u>Pope v. Sec'y for Dep't of Corr.</u>, 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting <u>Bui v. Haley</u>, 321 F.3d 1304, 1312 (11th Cir. 2003)), <u>cert</u>. <u>denied</u>, 568 U.S. 1233 (2013). In this regard, "the petitioner 'ha[s] the burden of rebutting the presumption of correctness by clear and convincing evidence.' 28 U.S.C. § 2254(e)(1)." <u>Morrow v. Warden</u>, 886 F.3d 1138, 1147 (11th Cir. 2018), <u>petition for cert</u>. <u>filed</u>, (U.S. Oct. 19, 2018) (No. 18-6409).

In employing AEDPA review:

> "Deciding whether a state court's decision 'involved' an unreasonable application of federal law or 'was based on' an unreasonable determination of fact requires the federal habeas court to 'train its

> attention on the particular reasons—both legal
> and factual—why state courts rejected a state
> prisoner's federal claims.'" <u>Wilson v.
> Sellers</u>, ––– U.S. ––––, 138 S.Ct. 1188,
> 1191–92, ––– L.Ed.2d ––– (2018) (quoting
> <u>Hittson v. Chatman</u>, ––– U.S. ––––, 135 S.Ct.
> 2126, 2126, 192 L.Ed.2d 887 (2015) (Ginsberg,
> J., concurring in denial of certiorari) ). The
> Supreme Court recently held that, when the
> relevant state court decision is not
> accompanied by a reasoned opinion explaining
> why relief was denied, "the federal court
> should 'look through' the unexplained decision
> to the last related state-court decision that
> does provide a relevant rationale" and
> "presume that the unexplained decision adopted
> the same reasoning." <u>Id</u>. at 1192. "[T]he State
> may rebut the presumption by showing that the
> unexplained affirmance relied or most likely
> did rely on different grounds than the lower
> state court's decision." <u>Id</u>.

<u>Johnson v. Sec'y, Dep't of Corr.</u>, 737 F. App'x 438, 441 (11th Cir.

2018) (per curiam).

If the last state court to decide a federal claim provides an

explanation for its merits-based decision in a reasoned opinion,

the district court simply reviews the specific reasons given by the

state court and defers to those reasons, if they are reasonable.

But, if no explanation is provided, for example, the opinion simply

states affirmed or denied, the district court should "look through"

the unexplained decision to the last related state-court decision

that provides relevant rationale.[3] The district court presumes the

unexplained decision adopted the same reasoning as the lower court,

---

[3] In this case, the First District Court of Appeal (1st DCA)
affirmed on the basis of the trial court's orders; therefore,
<u>Wilson</u> requires that this Court look through the 1st DCA's
decisions to those of the trial court.

however, this presumption is not irrebutable, as strong evidence may refute it.  See <u>Kernan v. Hinojosa</u>, 136 S.Ct. 1603, 1606 (2016) (per curiam).  In an effort to rebut the presumption, the state may attempt to show the higher state court relied or most likely relied on different grounds than the lower state court, "such as alternative grounds for affirmance that were briefed or argued to the state supreme court or obvious in the record it reviewed." <u>Wilson v. Sellers</u>, 138 S.Ct. 1188, 1192 (2018) (Wilson).

## V.  INEFFECTIVE ASSISTANCE OF COUNSEL

To prevail on his Sixth Amendment claims, Petitioner must satisfy the two-pronged test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984), requiring that he show both deficient performance (counsel's representation fell below an objective standard of reasonableness) and prejudice (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different).  "For a third of a century[,]" a counsel's performance has been considered deficient only if counsel's performance is outside the wide range of professionally competent assistance. <u>Meders</u>, 2019 WL 101161, at *10.  In order to obtain habeas relief, a counsel's errors must be so great that they actually adversely effect the defense.  In order to satisfy this prejudice prong, the reasonable probability of a different result must be "a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694.

A state court's adjudication of an ineffectiveness claim is accorded great deference.

> "[T]he standard for judging counsel's representation is a most deferential one." Richter, - U.S. at -, 131 S.Ct. at 788. But "[e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." Id. (citations and quotation marks omitted). "The question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable - a substantially higher threshold." Knowles v. Mirzayance, 556 U.S. 111, 123, 129 S.Ct. 1411, 1420, 173 L.Ed.2d 251 (2009) (quotation marks omitted). If there is "any reasonable argument that counsel satisfied Strickland's deferential standard," then a federal court may not disturb a state-court decision denying the claim. Richter, - U.S. at -, 131 S.Ct. at 788.

Hittson v. GDCP Warden, 759 F.3d 1210, 1248 (11th Cir. 2014), cert. denied, 135 S.Ct. 2126 (2015); Knowles v. Mirzayance, 556 U.S. 111, 123 (2009). Thus, "[i]n addition to the deference to counsel's performance mandated by Strickland, the AEDPA adds another layer of deference--this one to a state court's decision--when we are considering whether to grant federal habeas relief from a state court's decision." Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th Cir. 2004), cert. denied, 544 U.S. 982 (2005). As a result, "[s]urmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 559 U.S. 356, 371 (2010).

## VI. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Ground One

In his first ground for habeas relief, Petitioner raises a claim of ineffective assistance of counsel for failure to properly advise Petitioner of the consequences if he chose to testify in his own behalf. A comparable claim was raised by Petitioner in his Rule 3.850 motion in claim one. Ex. I at 2-5. The trial court denied relief. Id. at 37. Petitioner appealed the denial of this ground, id. at 60-61, and the 1st DCA affirmed. Ex. L.

The record demonstrates Petitioner exhausted his state court remedies. Respondents agree that this claim was adjudicated on its merits in the state courts. Response at 20-22. After due consideration, this Court concludes Petitioner is unable to establish that the state court decision denying this ground was contrary to or an unreasonable application of federal law. Although the decision of the trial court is quite succinct, this Court is not here to grade the writing of the trial court or flyspeck its analysis. Additionally, this Court presumes the factual determinations are correct, 28 U.S.C. § 2254(e)(1), and simply asks whether the determination was unreasonable.

In denying relief, the trial court opined: "[t]he Court held a full dialogue with the Defendant regarding his desire to maintain his right to remain silent and not become a witness in the case. Therefore, the record refutes the allegations contained in Ground One." Ex. I at 37. The record demonstrates that during the charge

conference, the court addressed the issue of Petitioner's prior convictions. Ex. C at 229. The court asked whether there was anything to impeach Petitioner with if he elected to testify. Id. Defense counsel confirmed there were eight prior felony convictions and five misdemeanor crimes of dishonesty. Id. at 229-30.

The trial record shows shortly after the state rested, Petitioner's counsel informed the court that he believed Petitioner would testify. Ex. C at 228. After the charge conference, the court gave defense counsel an opportunity to speak with Petitioner. Id. at 232. Defense counsel announced, after further discussion, Petitioner decided he would not be testifying. Id. The court took the opportunity to go over Petitioner's decision and the ramifications of his decision. Id. The court took sworn testimony from Petitioner. Id. The following colloquy took place:

> THE COURT: So, let's back way up and say, do you understand –– and this is going to sound silly, some of it. Do you understand this is a criminal case and you have a constitutional right to remain silent, nobody can make you testify in your case. Do you understand do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And now, you could testify, you could waive that right and become a witness, and if you did, then you'd take the stand you'd be treated like any other witness, asked questions by your lawyer and cross-examined by the State. Do you understand that?
>
> THE DEFENDANT: Yes.

THE COURT: And we talked a little bit about prior felony convictions, they could ask you about that.

THE DEFENDANT: Yes, sir.

THE COURT: They can also ask you about prior misdemeanor offenses involving dishonesty, or something like that. And, of course, they could ask you a bunch of other stuff too. Do you understand that? About what happened on that day.

THE DEFENDANT: Yes, sir.

THE COURT: Okay. Now, I'm sure you've had discussions back and forth with your lawyer, maybe you've even had family and friends talk to you, and you thought about it yourself about whether I should or shouldn't take the stand, whether I want to take the stand or not want to take the stand. I don't need to know about all the discussions, I just need to know that after all of that, you understand that the decision to testify or not is yours?

THE DEFENDANT: It's my decision.

THE COURT: Perfect. It's all -- it's an individual choice.

THE DEFENDANT: Right.

THE COURT: I mean, you can get all the advice in the world, but at the end of the day, you've got to make that choice.

THE DEFENDANT: It's absolutely my decision.

THE COURT: Right. And so you're going [sic] making the final decision to exercise your right to remain silent, you can stand by the constitution?

THE DEFENDANT: Yes, sir.

Ex. C at 233-35.

The court continued:

- 12 -

> THE COURT: Okay. Has anybody threatened you
> or coerced you or promised you anything to do
> it that way?
>
> THE DEFENDANT: No, sir, I made my decision on
> my own.
>
> THE COURT: Beautiful. Are you now under the
> influence of any drugs or alcohol or mental
> condition that would keep you from
> understanding what you're doing or cloud your
> mind on making that decision?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Okay. So you're freely and
> voluntarily exercising your right to remain
> silent and independently doing that on your
> own; am I right?
>
> THE DEFENDANT: Yes, sir.

Id. at 235.

Importantly, when it came time for Petitioner to announce his decision as to whether to testify or not, the court gave Petitioner more time to discuss the decision with his attorney. After further discussion with counsel, Petitioner decided not to testify. The court conducted a very thorough colloquy to ensure that Petitioner knew his rights and understood the ramifications if he elected to testify. The number of offenses that the jury would hear about had previously been announced, eight felonies and five misdemeanors involving dishonesty, and Petitioner stated he made his own decision not to testify.

It is also important to recognize that after the lunch break, defense counsel asked the trial court to make one final inquiry as to whether Petitioner desired to testify. Ex. C at 239-40. The

court complied with this request and asked Petitioner whether his position remained the same. _Id_. at 240. Petitioner responded in the affirmative and confirmed that he did not want to testify. _Id_.

The trial court found the record refuted Petitioner's allegation that counsel was ineffective in misleading the Petitioner regarding the consequences if he chose to testify on his own behalf. Ex. I at 37. The 1st DCA affirmed the decision of the trial court without opinion. Ex. L. Pursuant to _Wilson_, it is assumed the 1st DCA adopted the reasoning of the trial court in denying the Rule 3.850 motion. The state has not attempted to rebut this presumption. Deference under AEDPA should be given to the last adjudication on the merits provided by the 1st DCA.

When considering the claim of ineffective assistance of counsel, this Court must try to eliminate the distorting effects of hindsight, as counseled to do so in _Strickland_, 466 U.S. at 689. Given due consideration, the Florida court's decision is not inconsistent with Supreme Court precedent, including _Stickland_ and its progeny. The state court's adjudication of this claim is not contrary to or an unreasonable application of _Strickland_, or based on an unreasonable determination of the facts. As such, ground one is due to be denied.

Alternatively, Petitioner has failed to establish that his proposed testimony, weighed against the jury learning of his deplorable criminal record, would have changed the outcome of the trial. _See_ Response at 21-22. Petitioner contends, if he had

testified, he would have taken the stand and said Mr. Charles Carter, the landlord, was stealing stuff out of Petitioner's room. Petition at 7. As noted by Respondents, given the nominal value of this proffered testimony, and the very prejudicial impact of the disclosure of eight felonies and five misdemeanor crimes of dishonesty to the jury, counsel's performance was not deficient, even assuming counsel strongly advised Petitioner not to take the stand. Under these circumstances, trial counsel did not act outside the broad range of reasonable assistance under prevailing professional standards in failing to advise Petitioner to take the stand and testify that his landlord was "stealing stuff" out of Petitioner's room.

### B. Ground Two

In his second ground for habeas relief, Petitioner raises a claim of ineffective assistance of counsel for failure to present a prescription defense. Again, this Court will not grade or parse the trial court's decision in rejecting this claim. In denying ground two of the Rule 3.850 motion, the trial court found:

> Defendant alleges that Counsel was ineffective for failing to subpoena records indicating that Defendant had been prescribed hydrocodone since 2009. The fact that the Defendant may have had a prescription for hydrocodone would not be a defense to being in possession of, and selling to the Jacksonville Sheriff's Office, 72 hydrocodone pills.

Ex. I at 37-38. The 1st DCA affirmed. Ex. L.

Petitioner is unable to establish the state court decision denying this ground was contrary to or an unreasonable application

of federal law. The record demonstrates the trial court found no deficient performance on the part of counsel for failing to present a non-viable defense to the charge of trafficking in hydrocodone. As Petitioner has failed to satisfy the deficiency prong of the Strickland test, the Court need not address the prejudice prong. Bester v. Warden, 836 F.3d 1331, 1337 (11th Cir. 2016), cert. denied, 137 S.Ct. 819 (2017).

Petitioner appealed the denial of his Rule 3.850 motion. Pursuant to Wilson, it is assumed the 1st DCA adopted the reasoning of the trial court in denying the Rule 3.850 motion. The state has not attempted to rebut this presumption. Deference under AEDPA should be given to the last adjudication on the merits provided by the 1st DCA. Upon review, the Florida court's decision is not inconsistent with Supreme Court precedent, including Stickland and its progeny. The state court's adjudication of this claim is not contrary to or an unreasonable application of Strickland, or based on an unreasonable determination of the facts. As such, ground two is due to be denied.

In the alternative, evidence of a prescription would have been cumulative. The state introduced the pill bottle, state's exhibit E (received in evidence as state's exhibit No. 5), which exhibited Petitioner's name and address and a prescription filled at the pharmacy the day before the crime. Ex. C at 183-85. Significantly, the pill bottle is shown during the video that was published for the jury. Id. at 170-78. Thus, defense counsel's

performance was not rendered deficient by failing to obtain a subpoena for prescription records. Petitioner is not entitled to relief on ground two of the Petition.

### C. Ground Three

In his third ground, Petitioner raises a claim of the ineffective assistance of counsel for failure to object to possession as a lesser-included offense. The trial court, assuming counsel failed to object to the lesser included instruction, found the claim without merit "as the Defendant was not convicted of a lesser included offense," but was convicted of trafficking. Ex. I at 38. The 1st DCA affirmed. Ex. L.

The Amended Information charges: "Trafficking in Morphine, Opium, Oxycodone, Heroin, Hydrocodone or Their Derivatives." Ex. A at 25. In pertinent part, it states Petitioner, on May 28, 2014, in Duval County, Florida, "did knowingly sell, purchase, manufacture, deliver, bring into the State, or was knowingly in actual or constructive possession of four (4) grams or more or a mixture of four (4) grams or more of Morphine, Opium, Oxycodone, Heroin, Hydrocodone, or a salt, isomer, or salt of an isomer thereof, to-wit: 28 grams or more but less than 30 kilograms of Hydrocodone[.]" Id.

Upon review, the record demonstrates defense counsel did not object to the instruction on the lesser-included crime during the charge conference. After the charge conference, the trial court asked Petitioner if he were satisfied with the jury instructions.

Id. at 240. Petitioner asked to look at the instructions. Id. The court granted him the opportunity to do so. Id.

The record demonstrates the defense announced satisfaction with the instructions. The record shows, after instructing the jury on the crime of trafficking in hydrocodone, Ex. C at 268-71, the trial court instructed the jury on the lesser-included crime of possession of a controlled substance. Id. at 272-73. After the instructions were read to the jury, the court asked if there were any exceptions or objections to the instructions read to the jury. Id. at 286. There were none from the defense. Id. at 287. The court asked Petitioner if he had any exceptions or objections, and he said "[n]o, they're okay." Id.

Petitioner has failed to demonstrate prejudice in that he was not convicted of any lesser-included offense. The trial court instructed the jury: "if you decide that the main accusation has not been proven beyond a reasonable doubt, you will next need to decide if the defendant is guilty of any lesser-included crime." Ex. C at 272. In this instance the jury found the main accusation proven beyond a reasonable doubt, so it never reached the issue of proof of any lesser-included offense. In finding the state proved all elements of the greater offense, and in deciding the quantity of the substance, the jury completed its deliberation. Here, the Court assumes the jury followed the law and the instructions.

The trial court denied this claim of ineffective assistance of counsel. Ex. I at 38. The 1st DCA affirmed the decision of the trial court. Ex. L. The Court assumes the 1st DCA adopted the reasoning of the trial court. This presumption has not been rebutted.

There is a qualifying state court decision and AEDPA deference is warranted. The adjudication of the state court, the 1st DCA, resulted in a decision that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on ground three because the state court's decision was not contrary to clearly established federal law, <u>Strickland</u> and its progeny, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts. Ground three is due to be denied.

Alternatively, the evidence supported this instruction on a permissive lesser included offense, and Petitioner's counsel's performance was not deficient for failing to object to the instruction. <u>Wardell v. State</u>, 901 So.2d 289, 290 (Fla. 5th DCA 2005). Indeed, it may be considered error to fail to request the instruction when trafficking is charged not only via sale, but with possession. See <u>Williams v. McDonough</u>, No. 4:04CV496-RH/WCS, 2006 WL 1687836, at *10 (N.D. Fla. June 15, 2006) (finding an instruction on simple possession required when charged with

possession with intent to sell, unless there is a total lack of evidence on the lesser offense).

Based on the trial record, there was clearly evidence of possession based on Detective Zachary Anderson's testimony. Ex. C at 164. Under these circumstances, it was not unreasonable for defense counsel to believe that the jury should be given the option to find the commitment of a second degree felony, punishable by no more than 15 years, versus having the jury's only option being a finding of guilt for a first degree trafficking felony punishable by a minimum mandatory term of 25 years, or a finding of not guilty, particularly based on the evidence, including the testimony of the state's witnesses and the video evidence presented at trial.

### D.  Ground Four

In his fourth ground for habeas relief, Petitioner raises a claim of ineffective assistance of counsel for failure to object to jury instructions that included the offenses of purchase and possession, conduct that was not illegal due to Petitioner's valid prescription, and in light of the jury's return of a general verdict. The trial court found the claim to be without merit. Ex. I at 38. The 1st DCA affirmed the decision of the trial court. Ex. L. Pursuant to Wilson, it is assumed the 1st DCA adopted the reasoning of the trial court in denying the Rule 3.850 motion. The state has not attempted to rebut this presumption. Deference under AEDPA should be given to the last adjudication on the merits provided by the 1st DCA.

The Court finds AEDPA deference is warranted. The adjudication of the state court resulted in a decision that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on ground four because the state court's decision was not contrary to clearly established federal law, Strickland and its progeny, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts. Ground four is due to be denied.

In the alternative, the Court finds Petitioner is not entitled to habeas relief on ground four. The Court recognizes Petitioner was convicted of a higher offense, trafficking, not possession. Both offenses were discussed during the charge conference, and no objections were made. As vetted in the conference, the court instructed the jury on trafficking and the lesser offense, possession. Not only was the defense put on notice of the charges, the defense agreed to the instructions.

In its instructions, the trial court told the jury, in order to prove the crime of trafficking in hydrocodone, the state had to prove, beyond a reasonable doubt, three elements:

> First. That the defendant, Randy Andrew Anderson, did knowingly sell, purchase, manufacture, deliver, bring into the State, or was in actual or constructive possession of a certain substance.

> 2. The substance was hydrocodone.

> And, 3. The hydrocodone weighed four grams or more.

Ex. C at 268.

The court defined the terms sell, manufacture, actual possession, and constructive possession. Id. at 268-69. The court further instructed that if the jury found Petitioner guilty of trafficking in hydrocodone, the jury must also address the quantity of the substance involved. Id. at 271.

Thereafter, the court instructed the jury on the lesser-included crime of possession of a controlled substance. Id. at 272. The court instructed that hydrocodone is a controlled substance, and,

> To prove the crime of possession of a controlled substance as a lesser-included charge to the count of trafficking in hydrocodone, the State must prove the following three elements beyond a reasonable doubt:
>
> 1. The defendant knew of the presence of a substance.
>
> 2. The defendant exercised control or ownership over that substance.
>
> And 3. The substance was hydrocodone.

Id. at 272-73.

The amended information charged Petitioner with engaging in the prohibited conduct outlined in Fla. Stat. § 893.135(1)(c), including sell, purchase, manufacture, deliver, bring into the State, or actual or constructive possession of hydrocodone or a mixture thereof. Ex. A at 25. Although charged in the

conjunctive, there was proof of the sale of the hydrocodone sufficient to support the conviction. The jury found Petitioner guilty of trafficking in hydrocodone as charged in the information. Ex. C at 288. The jury also found that the quantity of the substance was 28 grams or more but less than 30 kilograms. <u>Id</u>. Thus, Petitioner was not convicted of an uncharged offense. As such, there was no due process violation.

At trial, there was abundant evidence that Petitioner sold the hydrocodone and accepted JSO funds. Detective Anderson testified Petitioner handed the pill bottle to Mr. Carter, and Mr. Carter handed the pill bottle to the detective. <u>Id</u>. at 165. The detective handed $300 to Mr. Carter, and Mr. Carter handed the money to Petitioner. <u>Id</u>. at 166. Petitioner gave an unknown amount of money to Mr. Carter. <u>Id</u>. The video shows Petitioner is present in the house at the inception of the deal, and it briefly shows him sitting near the doorway of the house as the detective departs, after the exchange of JSO funds for pills. Also of note, the detective displays the funds and the pill bottle on camera.

Counsel's performance was not deficient for failing to object to the jury instructions. Moreover, Petitioner has not demonstrated prejudice. Therefore, he has failed to satisfy the two-pronged standard under <u>Strickland</u>. Petitioner is not entitled to habeas relief on this claim.

**E.  Ground Five**

In his fifth ground, Petitioner claims the state used false or misleading testimony in violation of <u>Giglio</u>.  Petitioner raised this claim in ground eight of the amended Rule 3.850 motion.  Ex. I at 47-51.  The trial court addressed this ground as raising both a claim of ineffective assistance of counsel and a <u>Giglio</u> claim. <u>Id</u>. at 58.  In denying Petitioner's eighth ground, the court held:

> The Defendant's allegation does not rise to the level of ineffective assistance of counsel.  The Defendant's counsel's performance was not deficient, nor were any alleged errors made by Defense counsel so serious that counsel was not functioning as "counsel guaranteed the Defendant by the Sixth Amendment".  The Court finds that Defendant's allegation is without merit and that the Defendant was not deprived of a fair trial.

<u>Id</u>.  The 1st DCA affirmed the decision of the trial court.  Ex. L.

Although Petitioner did not precisely reference a claim of ineffective assistance of counsel in ground eight of his amended Rule 3.850 motion, he did assert counsel knew the testimony was false and misleading and he failed to object to it, an assertion construed by the trial court to be a claim of ineffective assistance of counsel.  Ex. I at 48-49.  Additional statements support this conclusion.  On appeal, Petitioner said his amended Rule 3.850 motion added two additional claims of ineffective assistance of counsel.  Ex. J at 2.  He further argued "[a]ll of Defendant's claims alleged ineffectiveness of counsel." <u>Id</u>. at 6.

Pursuant to <u>Wilson</u>, it is assumed the 1st DCA adopted the reasoning of the trial court in denying the claims of ineffective assistance of trial counsel and a <u>Giglio</u> violation. Deference under AEDPA should be given to the last adjudication on the merits provided by the 1st DCA. As such, Petitioner's is not entitled to habeas relief.

Given due consideration, the Florida court's decision is not inconsistent with Supreme Court precedent, including <u>Stickland</u> and <u>Giglio</u>. The state court's adjudication is not contrary to or an unreasonable application of <u>Strickland</u> or <u>Giglio</u>, or based on an unreasonable determination of the facts.

In the alternative, the Court finds Petitioner is not entitled to relief on this ground. The video belies Petitioner's assertion that the prosecutor provided false or misleading testimony. When Mr. Carter (Voice 2, the co-defendant) and Petitioner (Voice 3) enter the house, they are shown on camera. Mr. Carter introduces Petitioner to the undercover detective, Detective Anderson. Ex. C at 174. Detective Anderson speaks to Petitioner. <u>Id</u>. at 176. Near the conclusion of Detective Anderson's visit, Petitioner is captured on camera, sitting next to the door of the house. <u>Id</u>. Petitioner is not entitled to relief on ground five.

## F. Ground Six

In his sixth ground, Petitioner claims he received the ineffective assistance of counsel at trial based on his counsel's failure to object to or challenge the aggregate weight of the

pills.  He relies on the fact that when the pills were submitted to the property room, they weighed 30.70 grams (Doc. 17-7).  At trial, Katherine Bible, a senior crime laboratory analyst for the Florida Department of Law Enforcement (FDLE), testified the net weight of the tablets prior to her testing them was 30.64 grams.  Ex. C at 215.  The jury found the quantity of the substance involved was 28 grams or more but less than 30 kilograms.  Ex. A at 27.

Additionally, Petitioner claims the aggregate weight of the tablets should have been only 24.1 grams.  Petition at 16.  With respect to this contention, he relies on the holding in <u>Hayes v. State</u>, 750 So.2d 1 (Fla. 1999) (construing legislative intent concerning aggregate weight to be just the dosage of hydrocodone in each table).  Ex. I at 52-53.

Petitioner raised his claim of ineffective assistance of counsel in ground nine of his amended Rule 3.850 motion.  Ex. I at 52-54.  The trial court succinctly set forth the claim:

> With regard to the Defendant's second (ninth) ground for relief, the Defendant alleges that trial counsel was ineffective for failing to object or challenge the "aggregate weight of the pills that are inconsistent with the aggregate weight indicated on the property storage card and the mathematical aggregate calculation".  The Defendant admits that the aggregate weight of the pills in question exceeded 28 grams.  However, the Defendant argues that the calculation of the weight should only be as it relates to the weight of the Hydrocodone.

<u>Id</u>. at 58-59.

Although the minor discrepancy in the weight of the pills (30.70 grams compared to 30.64 grams) was not addressed at trial, either weight was certainly sufficient to place the total weight of the pill's mixture of hydrocodone at or over 28 grams, as found by the jury. Thus, counsel performance was not deficient for challenging this slight discrepancy in weight, and Petitioner has failed to show prejudice.

With regard to Petitioner's claim that there was error in the calculation, the trial court held:

> The Defendant fails to recognize that the Statue [sic] contemplates selling, purchasing, manufacturing, delivering . . ., being in actual or constructive possession of . . ., hydrocodone . . ., "**or any mixture containing any such substance**". The Court finds that Defendant's allegation is without merit.

<u>Id</u>. at 59.

The testimony at trial did not reveal how much, or how little hydrocodone was in each pill. It simply confirmed the randomly selected tablets contained hydrocodone. Ex. C at 215-17. Ms. Bible tested about .08 grams of each randomly selected tablet. <u>Id</u>. at 219. She did not quantify the amount of hydrocodone; therefore, she could not specify the amount of hydrocodone, as opposed to anything else, in a tablet. <u>Id</u>. at 222.

The amended information charged Petitioner did knowingly sell, purchase, manufacture, deliver, bring into the State, or was knowingly in actual or constructive possession of four (4) grams or more **or a mixture** of four (4) grams or more of Hydrocodone, and it

amounted to 28 grams or more but less than 30 kilograms of Hydrocodone. Ex. A at 25 (emphasis added). In this regard, "[f]or the purpose of clarifying legislative intent regarding the weighing of a mixture containing a controlled substance . . ., the weight of the controlled substance is the total weight of the mixture, including the controlled substance and any other substance in the mixture." Fla. Stat. § 893.135(6), Trafficking (effective July 1, 2008).[4] See also Wilder v. State, 194 So.3d 1050, 1052-53 (1st DCA 2016) (recognizing the legislature's disapproval of the opinion in Hayes, 750 So.2d 1 (Fla. 1999), and explicitly denouncing Hayes as incorrectly construing legislative intent).

As such, Petitioner's counsel's performance was not below reasonably competent assistance for failing to object or challenge the aggregate weight of the pills. Moreover, Petitioner has failed to satisfy the prejudice prong of Strickland. There is no reasonable probability that, but for this alleged deficiency of counsel, the result of the proceeding would have been different.

Pursuant to Wilson, it is assumed the 1st DCA adopted the reasoning of the trial court in denying the Rule 3.850 motion. The state has not attempted to rebut this presumption. Deference under AEDPA should be given to the last adjudication on the merits provided by the 1st DCA.

---

[4] Notably, Petitioner was charged in 2014 for an offense that occurred on May 28, 2014.

Given due consideration, the Florida court's decision is not inconsistent with Supreme Court precedent, including <u>Stickland</u> and its progeny. The state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u>, or based on an unreasonable determination of the facts. As such, ground six is due to be denied.

## G. Ground Seven

In his seventh ground, Petitioner raises a claim of ineffective assistance of counsel for failure to request a jury instruction on a necessarily lesser included offense: sale. Petitioner raised this claim in ground five of his Rule 3.850 motion. Ex. I at 15-17. The trial court rejected this claim as being without merit. <u>Id</u>. at 38.

The record shows defense counsel announced he was satisfied with the proposed instructions. Ex. C at 239. The trial court instructed the jury on the crime of trafficking in hydrocodone, Ex. C at 268-71, and the lesser-included crime of possession of a controlled substance. <u>Id</u>. at 272-73. The defense did not have any exceptions or objections to the instructions. <u>Id</u>. at 286-87. Petitioner did not have any exceptions or objections to the instructions. <u>Id</u>. at 287.

Not only does the record demonstrate Petitioner was satisfied with the instructions, Petitioner has failed to demonstrate prejudice. The trial court instructed the jury: "if you decide that the main accusation has not been proven beyond a reasonable

doubt, you will next need to decide if the defendant is guilty of any lesser-included crime." Ex. C at 272. In this instance, the jury found the main accusation proven beyond a reasonable doubt, so it necessarily never reached the issue of proof of any lesser-included offense, assuming the jury followed the instructions and the law.

The trial court denied this claim of ineffective assistance of counsel. The 1st DCA affirmed the decision of the trial court. Ex. L. The Court assumes the 1st DCA adopted the reasoning of the trial court. This presumption has not been rebutted.

There is a qualifying state court decision and AEDPA deference is warranted. The adjudication of the state court, the 1st DCA, resulted in a decision that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on ground seven because the state court's decision was not contrary to clearly established federal law, <u>Strickland</u> and its progeny, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts. Ground seven is due to be denied.

Alternatively, although the evidence may have supported an instruction on sale, Petitioner's counsel's performance was not deficient for failing to request that instruction. Apparently, Petitioner is contending that the jury should have been given the opportunity to employ its inherent power to pardon Petitioner by

convicting him of a lesser offense of sale, even though the jury found Petitioner guilty of the greater offense. Although Florida has recognized the possibility of jury pardons and considered it reversible error on direct appeal for failure to instruct on the next immediate lesser included offense, <u>Sanders v. State</u>, 946 So.2d 953, 957 (Fla. 2006), that does not mean that a petitioner can satisfy the prejudice prong of <u>Strickland</u> by claiming the possibility of a jury pardon based on arbitrariness, whimsy, caprice, nullification, and leniency. This Court should presume that a jury acts according to law. <u>Strickland</u>, 466 U.S. at 694. Here, the trial court instructed the jury to first determine whether the major offense had been proven beyond a reasonable doubt. The jury found the state proved its trafficking case against Petitioner. Therefore, Petitioner "has no entitlement to the luck of a lawless decisionmaker[.]" <u>Id</u>. at 695.

Petitioner has suffered no prejudice by this alleged deficiency of counsel. There is no reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. For it to be different, this Court would have to assume that the jury would "violate its oath, disregard the law, and ignore the trial court's instructions." <u>Sanders</u>, 946 So.2d at 959. Failing to satisfy the prejudice prong of <u>Strickland</u>, Petitioner is not entitled to habeas relief on ground seven. <u>See</u> <u>Cornelius James, III, Petitioner v. Sec'y, Fla.</u> <u>Dep't of Corr.</u>, No. 3:16-cv-491-J-34JRK, 2019 WL 109314, at *10

(M.D. Fla. Jan. 4, 2019) (rejecting petitioner's claim of ineffective assistance of counsel relying on a prejudice allegation based solely on the conceptual possibility of a jury pardon when the jury found the state proved each element of the greater offense, as the mere possibility of a jury exercising its pardon power cannot form the basis for a finding of prejudice to support an ineffective assistance of counsel claim in post conviction proceedings).

### H.  Ground Eight

In his eighth ground for relief, Petitioner raises a claim of the ineffective assistance of counsel for not requesting an instruction on the prescription defense.  Petitioner raised this claim in ground six of his Rule 3.850 motion.  Ex. I at 17-19.  The trial court found this allegation to be without merit and denied relief.  Id. at 38.  The 1st DCA affirmed.  Ex. L.

Since defense counsel did not present "a prescription defense," counsel's performance was not deficient for failing to request an instruction on that defense.  Thus, Petitioner has failed to satisfy the first prong of Strickland.  The Court need not reach the prejudice prong.

As noted previously, the trial court found, even assuming proof of a prescription for hydrocodone had been provided at trial, it would not be a defense to being in possession of, and selling to an undercover officer, 72 hydrocodone pills.  Ex. I at 38.  Again, as evidence, the state introduced Petitioner's pill bottle with his

name and address on it, containing tablets from a prescription filled the day before the May 28, 2014 trafficking offense. Under these circumstances, failure to subpoena the prescription records had no impact on the case.

Pursuant to <u>Wilson</u>, it is assumed the 1st DCA adopted the reasoning of the trial court in denying the Rule 3.850 motion. This presumption has not been rebutted. Deference under AEDPA should be given to the last adjudication on the merits provided by the 1st DCA. The decision is not inconsistent with Supreme Court precedent. The state court's adjudication of this claim is not contrary to or an unreasonable application of Supreme Court law, or based on an unreasonable determination of the facts. Petitioner is not entitled to habeas relief based on this claim. Thus, ground eight is due to be denied.

## I. Ground Nine

In his ninth ground, Petitioner raises a claim of ineffective assistance of counsel based on the cumulative errors of counsel. Petition at 19. He contends multiple deficiencies of counsel outlined in the grounds of the Petition resulted in an unfair trial. <u>Id</u>. Petitioner exhausted this ground in the state court system by presenting it to the trial court as ground seven of the Rule 3.850 motion. Ex. I at 19-20. The trial court denied this claim, <u>id</u>. at 38, and the 1st DCA affirmed. Ex. L.

The cumulative error doctrine provides:

> "an aggregation of non-reversible errors
> (i.e., plain errors failing to necessitate
> reversal and harmless errors) can yield a
> denial of the constitutional right to a fair
> trial, which calls for reversal." <u>United
> States v. Baker</u>, 432 F.3d 1189, 1223 (11th
> Cir. 2005) (internal quotation marks omitted).
> We address claims of cumulative error by first
> considering the validity of each claim
> individually, and then examining any errors
> that we find in the aggregate and in light of
> the trial as a whole to determine whether the
> appellant was afforded a fundamentally fair
> trial. <u>See</u> <u>United States v. Calderon</u>, 127 F.3d
> 1314, 1333 (11th Cir. 1997).

<u>Morris v. Sec'y, Dept. of Corr.</u>, 677 F.3d 1117, 1132 (11th Cir. 2012).

Since Petitioner's ineffective assistance of counsel claims are insufficient individually, raising them cumulatively does not render them sufficient. <u>Robertson v. Chase</u>, No. 1:07-CV-0797-RWS, 2011 WL 7629549, at *23 (N.D. Ga. Aug. 12, 2011) (citations omitted), <u>report</u> <u>and</u> <u>recommendation</u> <u>adopted</u> <u>by</u> No. 1:07-CV-797-RWS, 2012 WL 1038568 (N.D. Ga. Mar. 26, 2012), <u>aff'd</u> <u>by</u> 506 F. App'x 951 (11th Cir. 2013), <u>cert</u>. <u>denied</u>, 571 U.S. 842 (2013). In following this maxim, the trial court found no merit to any of the grounds of the post conviction motion and denied the claim of cumulative effect. <u>See</u> Ex. I at 37-39, 58-59.

In <u>Forrest v. Fla. Dep't of Corr.</u>, 342 F. App'x 560, 564 (11th Cir. 2009) (per curiam) (citing <u>United States v. Cronic</u>, 466 U.S. 648, 659 n.26 (1984)), <u>cert</u>. <u>denied</u>, 562 U.S. 589 (2010), the Eleventh Circuit recognized the Supreme Court has not specifically

addressed the applicability of the cumulative error doctrine when addressing an ineffective assistance of trial counsel claim, but the Supreme Court has held there is no basis for finding a constitutional violation unless the petitioner can point to specific errors of counsel which undermined the reliability of the finding of guilt. Thus, a cumulative errors of counsel claim lacks merit without a showing of specific errors of counsel which undermine the conviction in their cumulative effect, amounting to prejudice.

The ninth ground for relief is due to be denied because Petitioner has not demonstrated any of his trial counsel's alleged errors, considered alone, rise to the level of ineffective assistance of counsel; therefore, there are no errors to accumulate, and Petitioner is not entitled to relief. As the threshold standard of <u>Strickland</u> has not been met, Petitioner has also failed to demonstrate that his trial was fundamentally unfair and his counsel ineffective. The Court finds Petitioner has not shown specific errors which undermined the conviction in their cumulative effect; therefore, he has failed to demonstrate prejudice.

Not only is Petitioner not entitled to relief on his Sixth Amendment claim, he is also not entitled to habeas relief on his Fourteenth Amendment claim, to the extent he has raised one. He has not shown a deprivation of due process of law:

> [he] has not demonstrated error by trial
> counsel; thus, by definition, [Petitioner] has
> not demonstrated that cumulative error of
> counsel deprived him of a fair trial. See
> Yohey v. Collins, 985 F.2d 222, 229 (5th Cir.
> 1993) (explaining that because certain errors
> were not of constitutional dimension and
> others were meritless, petitioner "has
> presented nothing to cumulate").

Miller v. Johnson, 200 F.3d 274, 286 n.6 (5th Cir.), cert. denied, 531 U.S. 849 (2000).

With respect to the claim of cumulative errors of counsel, the 1st DCA's decision is entitled to deference under AEDPA as the Court assumes the 1st DCA adopted the reasoning of the trial court in denying the post conviction motion. This presumption remains unrebutted. Thus, Petitioner is not entitled to habeas relief on ground nine of the Petition because the state court's decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

The Court finds Petitioner has not shown specific errors of counsel which undermined his conviction in their cumulative effect; therefore, the cumulative errors of counsel claim lacks merit. See Forrest, 342 F. App'x at 564. Thus, ground nine of the Petition is due to be denied.

## J.   Ground Ten

In his tenth and final ground, Petitioner presents a claim of a due process violation, contending the prosecutor amended the information charging Petitioner with a more serious charge for exercising his right to a jury trial.   Petitioner exhausted this ground by raising it in his Second Motion for Postconviction Relief (second Rule 3.850 motion).   Ex. Q1 at 1-14.   The trial court denied this claim finding:

> the prosecutor is free to charge the Defendant with whatever charge they believe they can prove at trial.   The Court notes that some prosecutors charge Defendants with the most serious offense they believe they can prove from the outset of the case, while others may charge the Defendant with a lesser offense in an effort to negotiate a disposition prior to trial.
>
> There is no evidence to indicate that anything done in this instance was vindictive in any way, shape or form, but rather the prosecutor's good faith belief that he/she had sufficient evidence to prove to a jury beyond a reasonable doubt that the Defendant committed the offense charged.

Id. at 17.

Petitioner appealed, id. at 19-20, and the 1st DCA per curiam affirmed.   Ex. Q2.   Petitioner moved for rehearing, Ex. Q3, and the 1st DCA denied rehearing.   Ex. Q4.   The mandate issued February 2, 2018.   Ex. Q5.

In his second Rule 3.850 motion, Petitioner alleged that during the final pre-trial hearing held on March 16, 2015,

Petitioner's counsel requested the court to set the case for trial. Ex. Q1 at 3. The prosecutor informed the court that he had told defense counsel, if Petitioner chose to go to trial, the information would be amended to charge Petitioner with trafficking in 28 grams but less than 30 kilograms of hydrocodone. Id. at 3-4. The court summarized what had occurred, reminding Petitioner that he could have made a deal with the state, but Petitioner had not, and he could have pled straight up to the court and the court could have sentenced him from three years to eighty-four months, but Petitioner elected not to do so. Id. at 4. The court told Petitioner the stakes were higher, as the state amended the information and the court could sentence Petitioner to twenty-five to thirty years. Id. The court again inquired as to whether Petitioner still wanted to go to trial, and he said yes. Id.

Petitioner urges this Court to find the timing of the amended information and the prosecutor's statement before the court constituted sufficient proof of animus. Id. at 5-6. The Court is not convinced by this contention. Prior to the March 16, 2015 hearing, the prosecutor had told defense counsel the information would be amended if Petitioner chose to go to trial, and the prosecutor revealed the substance of the conversation at the pre-trial hearing. The record demonstrates the Assistant State Attorney swore to the allegations set forth in the amended information on March 12, 2015, several days prior to the final pre-

trial hearing. Ex. Q1 at 12. The amended information's filing date is March 16, 2015. Id.

The Supreme Court has revealed that it is "necessarily accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forgo his right to plea not guilty." Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). It is also acceptable to confront a defendant with the risk of a more severe sentence if he were to proceed to trial. Id. See United States v. Astling, 733 F.2d 1446, 1452 (11th Cir. 1984) (rejecting a claim of prosecutorial vindictiveness when the prosecutor pressed additional charges after rejection of a plea bargain). Here, based on the initially recorded seized amount, 30.70 grams (72 tablets), the prosecutor certainly had probable cause to believe Petitioner committed the offense of trafficking in the amount of 28 grams or more but less than 30 kilograms of Hydrocodone. (Doc. 17-7). Thus, it was in the prosecutor's discretion to charge a lesser offense at the outset to encourage plea bargaining, but once Petitioner insisted he was going to trial, it was the prosecutor's prerogative to elevate the charge based on justifiable standards. Bordenkircher, 434 U.S. at 364-65. Indeed, there is no violation of the Due Process Clause of the Fourteenth Amendment presented by "the unpleasant alternatives of forgoing trial or facing charges on which he was plainly subject to prosecution[.]" Id. at 365.

There is no evidence that the charge brought by the prosecutor in the amended information was "not in the public interest[,]" but rather a vindictive "penalty imposed on the defendant[.]" <u>United States v. Goodwin</u>, 457 U.S. 368, 384 (1982). Instead, there was a promise of governmental benefits, a bargain to induce a plea, which Petitioner declined to accept. <u>Taylor v. Singletary</u>, 148 F.3d 1276, 1281 (11th Cir. 1998), <u>cert</u>. <u>denied</u>, 525 U.S. 1109 (1999). Moreover, there is no realistic likelihood of vindictiveness in this case as the evidence, from the outset, clearly supported the greater charge. <u>United States v. Barner</u>, 441 F.3d 1310, 1317 (11th Cir. 2006).

Petitioner is not entitled to habeas relief on this claim as it has no merit. Alternatively, the state court's decision is entitled to AEDPA deference as there is a qualifying state court decision. Pursuant to <u>Wilson</u>, it is assumed the 1st DCA adopted the reasoning of the trial court in denying the second Rule 3.850 motion. The state has not attempted to rebut this presumption. Deference under AEDPA should be given to the last adjudication on the merits provided by the 1st DCA. Ex. Q2. The Florida court's decision is not inconsistent with Supreme Court precedent. The state court's adjudication of this claim is not contrary to or an unreasonable application of Supreme Court law, or based on an unreasonable determination of the facts. As such, ground ten, the due process claim, is due to be denied.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.     The Petition (Doc. 1) is **DENIED**.

2.     This action is **DISMISSED WITH PREJUDICE.**

3.     The **Clerk** shall enter judgment accordingly and close this case.

4.     If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability.**[5]   Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.   Such termination shall serve as a denial of the motion.

---

[5] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).   Upon due consideration, this Court will deny a certificate of appealability.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of

January, 2019.

_____
BRIAN J. DAVIS
United States District Judge

sa 1/18
c:
Randy Andrew Anderson
Counsel of Record